**Affirmed and Opinion Filed March 20, 2024**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-00355-CV

**JAMES CLIFTON "CLIFF" JONES, Appellant**
**V.**
**TRANSPORTATION & PARKING CONSULTANTS, LLC D/B/A MR.**
**VALET OF TEXAS, Appellee**

**On Appeal from the 439th Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 1-20-1259**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Smith
Opinion by Justice Nowell

Transportation & Parking Consultants, LLC d/b/a Mr. Valet of Texas damaged a Lamborghini owned by James Clifton Jones. Mr. Valet stipulated to liability, and the case proceeded to a bench trial to determine the issue of damages. The trial court's judgment awards $21,000 in loss-of-use damages to Jones and no damages for diminution in the car's value. In two issues, Jones argues the evidence

is legally insufficient to support the trial court's damages valuations.[1] We affirm the trial court's judgment.

STANDARD OF REVIEW

When no findings of fact or conclusions of law are filed or timely requested after a nonjury trial, we presume the trial court made all the necessary fact findings to support the judgment, and we affirm the judgment if it can be upheld on any legal theory finding support in the evidence. *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017). The trial court's implied findings of fact have the same weight as a jury verdict. *Wyde v. Francesconi*, 566 S.W.3d 890, 894 (Tex. App.—Dallas 2018, no pet.). Implied findings may be challenged on legal insufficiency grounds in the same manner as jury findings or a trial court's express findings of fact if the reporter's record is filed on appeal, as it was here. *Shields Ltd. P'ship*, 526 S.W.3d at 480.

When reviewing a legal sufficiency challenge to the evidence, we credit evidence that supports the verdict if a reasonable factfinder could have done so and disregard contrary evidence unless a reasonable factfinder could not. *Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Rsch. Corp.*, 299 S.W.3d 106, 115

---

[1] Jones phrases his issues as follows: "Was the trial court's judgment for 14 days of loss of use damages proper when the sole and uncontroverted testimony was that Plaintiff was deprived of the use of his vehicle for 180 days?" and "Was the trial court's judgment denying diminution in value damages proper where the competent and uncontroverted testimony was that the vehicle lost $55,000 – $60,000 in value due to the wreck and subsequent repairs?" Jones's brief does not provide a standard of review. Based on the arguments presented in his brief, we interpret Jones's two issues to challenge the legal sufficiency of the damages evidence.

(Tex. 2009). When, as here, a party attacks the legal sufficiency of an adverse finding on an issue on which he had the burden of proof, he must demonstrate on appeal that the evidence establishes all vital facts in support of the issue as a matter of law. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam). When reviewing such a "matter of law" challenge, we first examine the record for evidence that supports the finding, while ignoring all evidence to the contrary. *Id*. Anything more than a scintilla of evidence is legally sufficient to support the finding. *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc*., 960 S.W.2d 41, 48 (Tex. 1998). If there is no evidence to support the finding, we then examine the entire record to determine if the contrary proposition is established as a matter of law; the point of error will be sustained only if the contrary proposition is conclusively established. *Dow Chem. Co*., 46 S.W.3d at 241. The ultimate test for legal sufficiency is whether the evidence presented would enable a reasonable and fair-minded factfinder to reach the verdict under review. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

FACTS

A negligent act by one of Mr. Valet's employees caused damage to the front of Jones's 2018 Lamborghini. Mr. Valet accepted responsibility for the damage and paid for the repairs.

Jones purchased the Lamborghini in August 2019 for approximately $205,000. He drove the car daily and accumulated approximately 7,000 miles before

the accident on March 14, 2020. Jones testified he "believe[d] [the Lamborghini] was worth approximately $190,000" at the time of the accident. When asked the basis for his belief, he responded: "On research. You know, I only owned the car approximately six months, seven months, roughly. So I had done a [sic] research before I bought the car, and talked to a lot of dealerships and a lot of internet research."

After the car was repaired, Jones estimated the Lamborghini was worth "[s]omewhere in the 130 - - $135,000 range." Jones testified he based that opinion on conversations with "dealers who buy and sell these kind of cars . . . and who has [sic] bought and sold for me." Jones also conducted internet research to find "the value of a car of this magnitude once its [sic] been wrecked and fixed." When asked for more information about his internet research on the car's valuation after the repair, Jones testified: "You can look all over the internet. There's [sic] internet sites for all those cars out there." When asked what "are the facts, core facts, that support[ed]" his opinion that the car was worth $130,000 to $135,000 after it was repaired, Jones replied: "Just the people who sell these cars."

The shop that Jones chose to repair the Lamborghini needed 180 days to repair the car. Jones acknowledged "there was an issue" obtaining parts for the Lamborghini because the COVID-19 pandemic caused shutdowns, particularly in Italy where the parts for the car are manufactured. He agreed the COVID–associated shutdowns were not foreseeable.

At the time of the accident, Jones owned several other cars, and he drove those cars while the Lamborghini was being repaired. Additionally, in May 2020, Jones purchased another Lamborghini. Although Jones did not rent a car to drive while the Lamborghini was being repaired, he investigated the cost to rent a Lamborghini and learned the rental rates ranged from $1,500 to $1,700 plus taxes per day.

After the trial concluded, the judge sent a letter to the parties stating:

> After reviewing the evidence and testimony, the Court makes the following ruling:
>
> Mr. Clifton [sic] is entitled to a $21,000 loss of use claim which was calculated at $1,500.00 a day for 14 days. Mr. Clifton [sic] tried to give testimony for a diminution in value claim but couldn't explain how that loss was calculated or a basis for it. The Court does not find a diminution in value damage.

The court later entered a judgment awarding $21,000 in actual damages to Jones; the judgment states the $21,000 reflects $1,500 per day for 14 days and states no damages were awarded for diminution in value.

ANALYSIS

In his first issue, Jones asserts the trial court's judgment awarding damages for fourteen days of loss of use "was arbitrary and capricious" because the uncontroverted testimony showed Jones was without his Lamborghini for 180 days. Jones argues the trial court should have awarded $270,000, representing $1,500 per day for 180 days, for loss-of-use damages.

"Compensation is the chief purpose of damages awards in tort cases." *J & D Towing, LLC v. Am. Alt. Ins. Corp.*, 478 S.W.3d 649, 655 (Tex. 2016). The supreme

–5–

court explained the "basic reason underlying rules for the ascertainment of damages for any tortious act is a fair, reasonable, and proper compensation for the injury inflicted as a proximate result of the wrongful act complained of." *Id.* That reasonable and proper compensation "must be neither meager nor excessive," and it must place the plaintiff in the position he would have occupied absent the tortious act. *Id.* Loss-of-use damages must be foreseeable and directly traceable to the tortious act. *Id.* at 677.

Loss-of use damages compensate a property owner for damages resulting from a "reasonable period of lost use" of the property. *Id.* at 655. The amount of damages may be measured according to the particular loss experienced, such as the cost of renting substitute chattel. *Id.* However, damages "may not be awarded for an unreasonably long period of lost use. Whether framed as a duty of mitigation or a doctrine of avoidable consequences, the principle is the same: A plaintiff may not recover loss-of-use damages for a period longer than that reasonably needed to replace the personal property." *Id.* The award is not intended to be a financial windfall for either party, and it cannot overcompensate or undercompensate the plaintiff for its injury. *Violet Rose Holdings, Ltd. v. Spinning Star Energy, LLC*, No. 01-17-00022-CV, 2018 WL 1526169, at *2 (Tex. App.—Houston [1st Dist.] Mar. 29, 2018, no pet.) (mem. op.).

To prove loss-of-use damages, the plaintiff is not required to actually rent a replacement automobile or show he expended money for alternative transportation.

*Luna v. N. Star Dodge Sales, Inc.*, 667 S.W.2d 115, 118 (Tex. 1984). The time period of compensatory loss of use is the period of deprivation of the loss of use of the automobile, and the actual measure "may be a reasonable rental value by the day, week, or month." *Id.* at 119. That measure is not "rigid and unbending," and it must "vary with the character of the property, and somewhat with the peculiar circumstances of the case." *Id.* The supreme court stated that, above all, "[t]he thing to be kept in view is that the party shall be compensated for the injury done." *Id.*

Given the particular circumstances of this case — Jones had several other cars to drive, he purchased another Lamborghini shortly after the accident, and the unforeseeable impact of the COVID-19 pandemic — the trial court could have determined that fourteen days, at a rate of $1500 per day, was a reasonable period of time on which to award loss-of-use damages. Jones's request for $270,000, comprising of 180 days of loss-of-use damages, would result in the court awarding loss-of-use damages for an unreasonably long period of lost use. Additionally, $270,000 is more than the value of the vehicle when Jones purchased it, which would constitute a windfall and excessive compensation for the injury done. Jones did not establish that 180 days is the proper time period that must be used in light of the particular circumstances of this case, and thus he has not established all vital facts in support of his first issue as a matter of law. We conclude the evidence is legally sufficient to support the trial court's award of $21,000 for loss-of-use damages. We overrule Jones's first issue.

In his second issue, Jones argues the trial court should have awarded $55,000 in damages for diminution in value to the Lamborghini based on his uncontroverted testimony. Jones, as the owner of the Lamborghini, testified about its value. *See Nat. Gas Pipeline Co. of Am. v. Justiss*, 397 S.W.3d 150, 156 (Tex. 2012) (Property Owner Rule establishes that an owner is qualified to testify to property value). When testifying as a property owner, the owner's testimony must meet the same requirements as any other opinion evidence. *Id*. at 156. Opinion testimony "that is conclusory or speculative is not relevant evidence, because it does not tend to make the existence of a material fact more probable or less probable." *Id*. (internal quotation marks omitted). In *Justiss*, the Texas Supreme Court elaborated:

> Because property owner testimony is the functional equivalent of expert testimony, it must be judged by the same standards. Thus, as with expert testimony, property valuations may not be based solely on a property owner's *ipse dixit*. An owner may not simply echo the phrase "market value" and state a number to substantiate his diminished value claim; he must provide the factual basis on which his opinion rests. This burden is not onerous, particularly in light of the resources available today. Evidence of price paid, nearby sales, tax valuations, appraisals, online resources, and any other relevant factors may be offered to support the claim. But the valuation must be substantiated; a naked assertion of "market value" is not enough. . . . But even if unchallenged, the testimony must support a verdict, and conclusory or speculative statements do not.

*Id*. at 159.

Jones failed to provide any factual basis on which his valuation opinions rested. While Jones testified about how much he paid for the car seven months before the accident, he provided no factual basis to support his speculation about the value

of the car at the time of the accident or after it was repaired. The basis for Jones's opinions were conversations with people who sell "these cars" and "internet sites for all those cars out there."

Jones's naked assertions that the car was worth "approximately $190,000" before the accident and $130,000 to $135,000 after the accident are mere *ipse dixit* and are insufficient to support his request for damages for diminution in value. Jones's conclusory testimony about diminution in value is not relevant evidence, and Jones presented no other evidence of diminution in value damages. Accordingly, Jones has not established all vital facts in support of his second issue as a matter of law, and we conclude the evidence is sufficient to support the trial court's judgment awarding no damages for diminution in value. We overrule Jones's second issue.

CONCLUSION

We affirm the trial court's judgment.

230355f.p05

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES CLIFTON "CLIFF" JONES,
Appellant

No. 05-23-00355-CV          V.

TRANSPORTATION & PARKING
CONSULTANTS, LLC D/B/A MR.
VALET OF TEXAS, Appellee

On Appeal from the 439th Judicial
District Court, Rockwall County,
Texas
Trial Court Cause No. 1-20-1259.
Opinion delivered by Justice Nowell.
Justices Partida-Kipness and Smith
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Transportation & Parking Consultants, LLC d/b/a Mr. Valet of Texas recover its costs of this appeal from appellant James Clifton "Cliff" Jones.

Judgment entered this 20th day of March, 2024.